IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| FADDY BERNAL | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CA No. 1:13cv738 (LMB/JFA) |
| | ) |
| GLOBAL FINANCIAL ENTERPRISES, LLC | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT GLOBAL FINANCIAL ENTERPRISES LLC'S ANSWER TO THE AMENDED COMPLAINT[1]

Defendant Global Financial Enterprises, LLC (GFE) hereby answers the Amended Complaint. The Answer corresponds to the paragraphs in the Amended Complaint.

1. Denied, except admit Plaintiff was employed as an Office Leader by GFE (not Office Assistant) and was compensated on an hourly basis at certain times during her employment with GFE.

2. Deny the first sentence, which also calls for legal conclusions which, if required, are denied. Admit the second sentence.

1. Admit Plaintiff's complaints are those described in this paragraph, but deny there is any validity to these complaints. GFE has no reason to dispute the date of birth that is indicated. Deny the remainder of the paragraph.

2. States a conclusion of law to which no response is required, and if required, is denied.

---

[1] Defendant Hortencia Torres has been dismissed from the case.

3. States a conclusion of law to which no response is required, and if required, is denied.

4. Admitted.

5. States a conclusion of law to which no response is required, and if required, is denied.

6. GFE can neither admit nor deny what Plaintiff believes.

7. The first sentence and the last two sentences are admitted. The remainder of this paragraph states a conclusion of law to which no response is required, and if required, is denied.

8. Denied as stated. GFE has no actual knowledge of where Plaintiff currently lives. Plaintiff was employed part-time, on an on and off basis, between January 3, 2009 and April 1, 2011. Plaintiff had the title of Office Leader and had responsibilities beyond that of an office assistant.

9. States a conclusion of law to which no response is required, and if required, is denied.

10. States a conclusion of law to which no response is required, and if required, is denied.

11. States a conclusion of law to which no response is required, and if required, is denied.

12. States a conclusion of law to which no response is required, and if required, is denied.

13. Denied. In addition, due to the Court's granting of Defendants' Motion to Dismiss, the allegations are no longer relevant to the case.

14. Denied. In addition, due to the Court's granting of Defendants' Motion to Dismiss, the allegations are no longer relevant to the case.

15. Denied. In addition, due to the Court's granting of Defendants' Motion to Dismiss, the allegations are no longer relevant to the case.

16. Denied. In addition, due to the Court's granting of Defendants' Motion to Dismiss, the allegations are no longer relevant to the case.

17. Denied.

18. Denied. See answer to paragraph 8 of the Amended Complaint.

19. Admitted.

20. Denied that Plaintiff was paid on an hourly basis for the entire duration of her employment with GFE. Admit that when Plaintiff was paid on an hourly basis, she was paid $12.00 per hour.

21. Denied that Plaintiff's title was Office Assistant. Denied that the paragraph describes all of Plaintiff's duties, as her duties also included multiple management responsibilities.

22. Denied.

23. Admitted.

24. States a conclusion of law to which no response is required, and if required, is denied.

25. Admitted.

26. Admitted.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. States a conclusion of law to which no response is required, and if required, is denied.

32. Denied that Plaintiff worked the overtime she claims in the Amended Complaint, and thus denied she is owed the overtime pay she claims in the Amended Complaint.

33. Due to the Court's granting of Defendants' Motion to Dismiss, the allegations are no longer relevant to the case.

34. Due to the Court's granting of Defendants' Motion to Dismiss, the allegations are no longer relevant to the case.

35. Due to the Court's granting of Defendants' Motion to Dismiss, the allegations are no longer relevant to the case.

36. Due to the Court's granting of Defendants' Motion to Dismiss, the allegations are no longer relevant to the case.

37. Due to the Court's granting of Defendants' Motion to Dismiss, the allegations are no longer relevant to the case.

38. Due to the Court's granting of Defendants' Motion to Dismiss, the allegations are no longer relevant to the case.

39. Due to the Court's granting of Defendants' Motion to Dismiss, the allegations are no longer relevant to the case.

40. Due to the Court's granting of Defendants' Motion to Dismiss, the allegations are no longer relevant to the case.

41. Due to the Court's granting of Defendants' Motion to Dismiss, the allegations are no longer relevant to the case.

42. Due to the Court's granting of Defendants' Motion to Dismiss, the allegations are no longer relevant to the case.

43. Due to the Court's granting of Defendants' Motion to Dismiss, the allegations are no longer relevant to the case.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. No response is required.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Due to the Court's granting of Defendants' Motion to Dismiss, the allegations are no longer relevant to the case.

55. Due to the Court's granting of Defendants' Motion to Dismiss, the allegations are no longer relevant to the case.

56. Due to the Court's granting of Defendants' Motion to Dismiss, the allegations are no longer relevant to the case.

57. Due to the Court's granting of Defendants' Motion to Dismiss, the allegations are no longer relevant to the case.

58. No response is required.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's FLSA claims fail to state a claim upon which relief may be granted.

2. Plaintiff has waived her right to any additional FLSA compensation.

3. The statute of limitations has expired on Plaintiff's FLSA claims.

4. Plaintiff did not work overtime for which she was not compensated.

5. GFE reserves the right to assert additional defenses as they may arise in the case.

September 9, 2013                               Respectfully submitted,


                                            _/s/ Peter C. Cohen_____
                                            Peter C. Cohen
                                            Virginia Bar No. 66346
                                            pcohen@cbcblaw.com
                                            CHARLSON BREDEHOFT COHEN
                                             BROWN & SAKATA, P.C.
                                            11260 Roger Bacon Drive, Suite 201
                                            Reston, Virginia 20190
                                            (703) 318-6800 Telephone
                                            (703) 318-6808 Facsimile

                                            *Counsel for Defendant,*
                                              *Global Financial Enterprises, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 9, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

                                   David J. Dischley
                                   Virginia Bar No. 73703
                                   dischley@boselawfirm.com
                                   BOSE LAW FIRM, PLLC
                                   2821 Duke Street
                                   Alexandria, Virginia 22314
                                   (703) 926-3900 Telephone
                                   (800) 927-6038 Facsimile

                                   *Counsel for Plaintiff,*
                                     *Faddy Bernal*


                                            _/s/ Peter C. Cohen_____
                                            Peter C. Cohen